I concur in Part II, dissent from Part I, and concur in the judgment of reversal.
Randolph Felease Harris was convicted of unlawful distribution and unlawful possession of a controlled substance, cocaine, in violation of § 13A-12-211 and § 13A-12-212, Ala. Code of 1975. The Court of Criminal Appeals affirmed the convictions, with an unpublished memorandum.
At trial, the prosecutor, during his cross-examination of Harris, suggested that Harris was "a big dope dealer" and suggested that he had certain "gentlemen . . . out here in the courtroom." Harris's attorney offered only a general objection to the questions in which these suggestions were made.
Before being cross-examined, Harris had not attempted, and in the course of the trial did not attempt, to prove good character, either through his testimony or through that of his witnesses. To the extent that these questions by the prosecutor implied prior bad acts by Harris, they were improper under Rule 404, Ala. R. Evid. To the extent that these questions challenged Harris's credibility, they were permissible, because Harris had placed his credibility in issue by testifying.
The Court of Criminal Appeals held that, because of the lack of specificity in Harris's objection, Harris's objection had not preserved the alleged error for appeal. I agree that the defendant was required to state his objection with more specificity in order to preserve for appellate review the alleged error in regard to the prosecutor's questions.
Rule 45, Ala.R.App.P., provides: *Page 879 
 "No judgment may be reversed or set aside . . . on the ground of . . . error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Even if the trial court's ruling was an error, it was harmless error. As such, it provides no basis for overturning the verdict of the jury and reversing the judgment of the trial court. Because I agree with the Court of Criminal Appeals that Harris needed to state his objection with specificity, and because the resulting error, if any, was harmless(see Rule 45), I respectfully dissent as to Part I of the main opinion.
I agree that Harris's objection regarding the chain of custody of the cocaine was sufficient to preserve for appellate review the court's alleged error in admitting the cocaine. Therefore, I concur in Part II and in the judgment reversing the judgment of the Court of Criminal Appeals.